UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLARD HALL HINCKLEY SR,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. C13-5818-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER** |

      Willard Hall Hinckley, proceeding pro se, seeks review of the denial of his Supplemental Security Income and Disability Insurance Benefits applications.  In his complaint and response to the Commissioner's answer, Mr. Hinckley contends the ALJ erred by rejecting the opinions of several doctors that Mr. Hinckley is permanently and totally disabled and accepting the opinions of SSI examiners that he is not disabled, the ALJ substituted his own medical opinions for those of the medical doctors, the ALJ failed to properly consider the evidence the Appeals Council directed him to consider on remand, and the ALJ erred in finding drug and alcohol abuse material to his disability claim. Dkt. 4, 29.  As directed in the Court's scheduling order (Dkt. 31), the Commissioner responded to these claims.  Dkt. 39.  Mr. Hinckley filed a "Final Response Brief."  Dkt. 40.  Although this document was filed after the due date for Mr. Hinckley's optional reply brief, the Court has reviewed it and considered the assertions Mr.

ORDER AFFIRMING THE COMMISSIONER - 1

Hinckley makes in it.  To the extent this document raises new issues and arguments not presented in Mr. Hinckley's previous filings, the Court disregards them, as issues raised for the first time in the reply brief are deemed waived.  *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996); *Ctr. for Sierra Nevada Conservation v. U.S. Forest Serv.*, 832 F.Supp.2d 1138, 1164, n. 4 (9th Cir. 2011).  Having considered the parties' filings and the record, the Court **ORDERS** that the Commissioner's decision is **AFFIRMED** and the case is **DISMISSED** with prejudice.

## BACKGROUND

Mr. Hinckley is currently 52 years old, has a GED, and has worked as a line installer/repairer and construction worker.  Tr. 35, 212, 1054.  In August 2005, he applied for benefits, alleging disability as of November 7, 2004.  Tr. 458.  The ALJ issued a decision finding him not disabled, but the Appeals Council granted Mr. Hinckley's request for review and remanded the case for further proceedings.  Tr. 458-66, 469-71.  On remand, the ALJ conducted a hearing and on January 27, 2012, issued a second decision, again finding Mr. Hinckley not disabled.  Tr. 22-37.  The Appeals Council denied Mr. Hinckley's request for review, making the January 2012 decision the Commissioner's final decision.  Tr. 9-12.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that Mr. Hinckley had not engaged in substantial gainful activity since the alleged onset date; he had the following severe impairments: degenerative disc disease, affective disorder, anxiety disorder, and substance abuse in partial remission; and these impairments did not meet or equal a listed impairment.[2]  Tr. 25-26.  The ALJ found that Mr. Hinckley had the residual functional capacity to perform medium work and the mental capability to adequately perform the mental activities

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

generally required by competitive, remunerative work, with certain limitations. Tr. 27. The ALJ found that Mr. Hinckley was unable to perform any past relevant work but he could perform jobs that exist in significant numbers in the national economy. Tr. 35. The ALJ therefore concluded that Mr. Hinckley was not disabled. Tr. 36.

## DISCUSSION

This Court may reverse the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The ALJ determines credibility and resolves conflicts and ambiguities in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that the Court must uphold. *Id*.

### A. Medical evidence

Mr. Hinckley contends the ALJ erred by rejecting the opinions of several doctors that Mr. Hinckley is permanently and totally disabled, accepting the opinions of SSI examiners that he is not disabled, and substituted his own medical opinions for those of the medical doctors.

In general, the ALJ should give more weight to the opinion of a treating doctor than to that of a non-treating doctor, and more weight to the opinion of an examining doctor than to that of a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where it is not contradicted by another doctor, the ALJ may reject a treating or examining doctor's opinion only for "clear and convincing reasons." *Id.* at 830-31. Where contradicted, the ALJ may not reject a treating or examining doctor's opinion without "specific and legitimate reasons" that are

supported by substantial evidence in the record. *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

   1.   *Physical impairments*

Treating doctor Gabriel Charbonneau, M.D., opined in December 2008 that Mr. Hinckley was disabled. Tr. 745. He opined in March 2009 that Mr. Hinckley was "disabled due to mental illness indefinitely." Tr. 749. Also in March 2009, Dr. Charbonneau signed a form indicating that Mr. Hinckley was unable to work due to a total and permanent disability. Tr. 747. In April 2009, he opined that Mr. Hinckley was "permanently unable to work due to both medical and psychological disabilities." Tr. 694. Also in April 2009, he opined that Mr. Hinckley was permanently and totally disabled. Tr. 751. In October 2010, Dr. Charbonneau opined that Mr. Hinckley was disabled. Tr. 746. The ALJ assigned no weight to these opinions because Dr. Charbonneau did not cite any objective signs or findings or provide a significant rationale in support of his opinions, he did not explain how Mr. Hinckley's impairments limited his functioning or offer a function by function assessment, and he stated in conjunction with his March 2009 opinion that he did not know Mr. Hinckley's physical capacity. Tr. 31. The ALJ further found that Dr. Charbonneau is not a psychiatrist and did not perform a significant mental status examination. Tr. 32. And the ALJ further noted that the ultimate issue of disability is reserved to the Commissioner and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significant. Tr. 32. An ALJ may give less weight to a doctor's opinion that is brief, conclusory, and inadequately supported by medical records. *Bayliss*, 427 F.3d at 1216. And an opinion on an issue reserved to the Commissioner, such as an opinion that a claimant is "disabled" or "unable to work," is not a medical opinion and is not entitled to any special significance. 20 C.F.R. §§ 404.1527(d),

416.927(d). These were specific and legitimate reasons to give Dr. Charbonneau's opinions no weight.

Louis Enkema, M.D., evaluated Mr. Hinckley in November 2005. Dr. Enkema opined that Mr. Hinckley could lift and carry 25 to 50 pounds frequently and 50 to 100 pounds occasionally, stand and walk for seven hours in an eight-hour workday, and sit for seven hours in an eight-hour workday, with no postural, manipulative, visual or environmental limitations. Tr. 396-402. The ALJ gave this opinion substantial weight, noting that Dr. Enkema performed a thorough physical examination. Tr. 30. Consulting doctor Alfred Dickson, M.D., opined in April 2006 that Mr. Hinckley could perform light work, with occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, and he should avoid concentrated exposure to vibration and hazards. Tr. 435-42. The ALJ gave Dr. Dickson's opinion less weight than Dr. Enkema's, as Dr. Enkema examined Mr. Hinckley. Tr. 31. Peter Weir, M.D., examined Mr. Hinckley in April 2011. Dr. Weir stated that he was "unable to justify limiting the claimant's ability to function in the workplace," and opined that Mr. Hinckley had no functional limitations. Tr. 893-97. The ALJ gave Dr. Weir's opinion significant weight, but found the longitudinal record supported a medium residual functional capacity. Tr. 32. The ALJ's decision to give more weight to the examining doctors than the non-examining doctor, and to temper the most extreme opinion for the benefit of Mr. Hinckley, was a rational weighing and interpretation of the medical evidence that this Court may not disturb. *Thomas*, 278 F.3d at 954.

Treating or examining doctors Mack Hendrix, M.D., James Williams, M.D., Sundara Samavedi, M.D., Richard Leone, D.C., and Antoine Johnson, M.D., all opined that Mr. Hinckley was limited to light or sedentary work or was restricted to no work at all. The ALJ rejected these opinions because they were temporary work restrictions based on a specific injury that later

ORDER AFFIRMING THE COMMISSIONER - 5

healed or Mr. Hinckley's condition at a specific point in time.  Tr. 31.  Opinions of temporary limitations have little bearing on a claimant's long-term functioning.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).  The ALJ did not err in not giving weight to these opinions.

    2.    *Mental impairments*

Lisa Cosgrove, M.D., examined Mr. Hinckley in November 2005.  She assigned him a Global Assessment of Functioning (GAF) score of 44 to 46.  Tr. 382.  The ALJ gave this GAF score little weight because it included consideration of factors such as unemployment and financial stressors, which do not provide a basis for awarding disability benefits.  Tr. 32.  A GAF score of 44 to 46 indicates serious symptoms or a serious impairment in social, occupational, or school functioning.  Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. text rev. 1994).  But a GAF score may reflect problems that do not necessarily relate to the ability to hold a job.  *See Florence v. Astrue*, No. EDCV 08-0883-RC, 2009 WL 1916397, at *6 (C.D. Cal. July 1, 2009) (unpublished opinion) (citing *Ramos v. Barnhart*, 513 F. Supp. 2d 249, 261 (E.D. Pa. 2003)); *see also* Fed. Reg. 50746, 50764-65 ("The GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listings.").  The ALJ did not err by failing to find the GAF score assigned by Dr. Cosgrove to be determinative.

State agency consulting doctors Timothy Gregg, Ph.D., Matthew Comrie, Ph.D., Rita Flanagan, Ph.D., and Michael Brown, Ph.D., completed assessments between 2005 and 2010 and opined that Mr. Hinckley could perform simple and routine or repetitive tasks although he would have difficulty with more complex tasks, could complete a normal workday, could interact appropriately with coworkers and supervisors but not the general public.  The ALJ gave the

consulting doctors significant weight, with the most weight accorded to Dr. Brown, who considered the most evidence, because these doctors are experts in evaluating the psychological issues in disability claims. Tr. 32. This was a rational interpretation and weighing of the consulting doctors' opinions that this Court may not disturb. *Thomas*, 278 F.3d at 954.

Examining doctors Brett Trowbridge, Ph.D., Scott Mabee, Ph.D., Allen Ratcliffe, Ph.D., and Kathleen Mayers, Ph.D. opined more severe limitations than the consulting doctors did. The ALJ gave these opinions little or no weight because they were largely based on Mr. Hinckley's self-reports, which the ALJ found to be not fully credible, or because the doctors themselves found that Mr. Hinckley exaggerated his symptoms or failed to give full effort. Tr. 33-34. An ALJ may give less weight to a medical opinion that is based to a large extent on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). And a claimant's exaggeration of his symptoms is a specific and legitimate reason for rejecting treating physician testimony. *Thomas v*, 278 F.3d at 958–959. The ALJ validly rejected these doctors' opinions.

Eileen Poupore, A.R.N.P., Sam Lowderback, A.R.N.P., and Steven Erickson, M.E.D., L.M.H.C., also opined more severe limitations than the consulting doctors. The ALJ gave these opinions little weight because these examiners were not acceptable medical sources, the opinions were inconsistent internally and with other information in the record, they were based on Mr. Hinckley's discredited subjective reports and exaggerated symptoms, and, in the case of Mr. Lowderback's opinion, the GAF score he assigned included consideration of factors that do not provide a basis for awarding disability benefits. Tr. 32-33.

Counselors and nurse practitioners are not acceptable medical sources who can give medical opinions. *See* 20 C.F.R. § 404.1513(a). The ALJ may evaluate opinions of other

ORDER AFFIRMING THE COMMISSIONER - 7

medical sources using the same factors used to evaluate medical opinions of acceptable medical sources. Social Security Ruling 06-03p; *see also* 20 C.F.R. § 404.1527(d). But the ALJ may give less weight to opinions of non-acceptable medical sources than to those of acceptable medical sources. SSR 06-03p. The ALJ must give germane reasons for rejecting opinions from other sources that are not acceptable medical sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ thoroughly considered the other source opinions and gave germane reasons to reject them. The Court may not disturb this assessment.

The ALJ may not substitute his own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). But that is not what the ALJ did here. Rather, the ALJ weighed and assessed the evidence, making findings and conclusions that were supported by substantial evidence. Because the ALJ's assessment of the medical evidence was supported by substantial evidence and free of legal error, the Court must uphold it.

**B.     Appeals Council remand**

Mr. Hinckley argues that the ALJ failed to properly consider the evidence the Appeals Council directed him to consider on remand. The ALJ must comply with Appeals Council remand orders and may take additional action that is not inconsistent with the remand order. 20 C.F.R. §§ 404.977(b), 416.1477(b). In its remand order, the Appeals Council directed the ALJ to (1) consider new evidence from Dr. Charbonneau and obtain updated medical records if available, (2) reevaluate Mr. Hinckley's subjective complaints and provide rationale for that evaluation, (3) obtain evidence from a medical expert to clarify the nature and severity of Mr. Hinckley's impairments, if necessary, (4) obtain supplemental evidence from a vocational expert, and (5) conduct a drug and alcohol analysis if Mr. Hinckley is found disabled. Tr. 470. The ALJ

considered the new evidence from Dr. Charbonneau and other medical sources, evaluated Mr. Hinckley's subjective complaints and gave reasons for finding him not fully credible, did not determine that a medical expert was necessary, took testimony from a vocational expert, and, having found Mr. Hinckley not disabled, did not need to conduct a drug and alcohol analysis. The ALJ complied with the Appeals Council remand order.

### C.     Drug and alcohol analysis

Mr. Hinckley argues that the ALJ erred in finding drug and alcohol abuse material to his disability claim.  When substance use is present, the ALJ must follow a specific analysis to determine whether the substance use is a contributing factor material to the determination of disability.  *See* 20 C.F.R. § 416.935.  First, the ALJ must complete the five step analysis without separating out the effects of drug or alcohol abuse.  *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  If the ALJ finds the claimant is not disabled, the analysis ends.  But if the ALJ finds the claimant disabled and there is medical evidence of drug or alcohol abuse, the ALJ must then determine if the claimant would still be disabled if he stopped using alcohol or drugs.  *Id.*  Because the ALJ found Mr. Hinckley not disabled even with the effects of drugs and alcohol, the ALJ was not required to do further drug and alcohol analysis.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.  The Clerk is directed to sent a copy of this order to the plaintiff.

DATED this 2nd day of May, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge